Plaintiff -
Roberta Barnett
3988 12th Ave
Sacramento, CA 95817
1(916)617-8700

**FILED**

DEC 1 2 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERTA BARNETT**<br><br>Plaintiff,<br>v.<br><br>**FARHAD KHOJASTEH; ANGELINA RAY;**<br><br>**AND**<br><br>**DOES 1–20, inclusive )**<br><br>Defendants, | **Case No:**<br><br>2:25-CV-3590-TLN-AC<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND TREBLE DAMAGES UNDER RICO (18 U.S.C. § 1962)** (PS) |

**COMES NOW** Plaintiff **Roberta Barnett**, in propria persona, and respectfully submits this

Complaint for Damages, Declaratory and Injunctive Relief, and Treble Damages against

Defendants Farhad Khojasteh; Angelina Ray; and DOES 1–20, inclusive

1

## INTRODUCTION

What began in **2014** as Plaintiff's lawful request for reasonable accommodation at the **California Department of Motor Vehicles ("DMV") headquarters** devolved into a years-long pattern of retaliation, suppression, and procedural sabotage that was ultimately compounded by the misconduct of Plaintiff's own attorneys.

In **2014**, Plaintiff submitted a **reasonable accommodation request for designated parking** due to a documented respiratory disability (**asthma**) and a separate disability of **post-traumatic stress disorder ("PTSD")**. Rather than engaging in the interactive process required by law, DMV management subjected Plaintiff to escalating hostility, surveillance, and retaliation. Plaintiff thereafter experienced **harassment, discrimination, and adverse treatment** tied directly to her accommodation request and protected activity.

Plaintiff reported these violations internally and externally. Instead of being remedied, the retaliation intensified. Plaintiff was subsequently **sexually harassed and assaulted**, subjected to **computer tampering and digital interference**, and targeted after making **whistleblower reports** regarding **state fraud, waste, and abuse**, including a **statewide overpayment scheme involving CoBen/Flex benefits** affecting multiple California state agencies. Plaintiff reported these matters to a state representative and other oversight entities. The scope and documentation of the misconduct qualified Plaintiff as a **qui tam relator**, supported by state records, emails, internal communications, and official forms.

By **2016**, Plaintiff filed formal complaints with **DFEH and EEO** documenting discrimination,

2

harassment, retaliation, assault, and whistleblower retaliation. These complaints were supported by contemporaneous documentary evidence, including materials generated by the State itself. Despite their relevance and existence, these complaints and supporting records were **never placed on the record**, never meaningfully investigated, and were later omitted entirely from subsequent proceedings.

Plaintiff's efforts to pursue redress resulted in **workers' compensation proceedings** and a **federal civil action** arising from the same nucleus of facts: disability discrimination, retaliation, sexual harassment and assault, whistleblower retaliation, and systemic suppression of evidence by a California state agency. Across forums, Plaintiff repeatedly provided documentary proof, much of it originating from state actors, demonstrating misconduct and corroborating her claims.

At different stages of these proceedings, Plaintiff retained **Defendants Farhad Khojasteh and Angelina Ray** for legal representation. Both Defendants were fully aware—or were placed on notice—of Plaintiff's long-standing discrimination complaints, whistleblower activity, assault allegations, and the existence of corroborating state-generated evidence. Nevertheless, while purporting to act as Plaintiff's advocates, Defendants failed to place critical complaints and evidence on the record, concealed material facts, abandoned required actions, and misrepresented the status and posture of proceedings.

The omission of Plaintiff's **2016 DFEH and EEO complaints**, along with corroborating state records and communications, was not inadvertent. These materials were in Defendants' possession or control, were repeatedly identified by Plaintiff as essential, and were directly relevant to both liability and credibility. Their exclusion deprived Plaintiff of the ability to present

3

a complete factual record and allowed false procedural and evidentiary narratives to persist across proceedings.

As a result of Defendants' conduct, Plaintiff's claims were procedurally compromised, evidence was suppressed, and adverse outcomes—including dismissals, delay, and cost exposure—were imposed based on an incomplete and distorted record. Defendant Khojasteh's misconduct culminated in the pursuit of a **cost judgment** against Plaintiff, which she is now forced to appeal, despite the judgment arising from failures he himself caused. Defendant Ray's misconduct similarly resulted in dismissal, delay, and prejudice in civil litigation.

Defendants' actions were not isolated acts of negligence. They formed a **pattern of concealment, misrepresentation, abandonment, and abuse of legal process** carried out over multiple years and proceedings, using mail and wire communications and judicial processes as instrumentalities. Defendants exploited Plaintiff's disability, reliance on counsel, and lack of alternative access to representation to suppress claims and shield themselves from accountability.

This action seeks to hold Defendants accountable under the civil RICO statute for participating in an **association-in-fact enterprise** that used fraud, obstruction, and abuse of process as a method of doing business, and to obtain declaratory, injunctive, and monetary relief to remedy ongoing harm and prevent continued misconduct.

---

## I. PARTIES

4

## A. Plaintiff

**Plaintiff Roberta Barnett** is a disabled whistleblower and litigant who retained Defendants for legal representation in matters arising from workplace injury, retaliation, and related civil claims. Plaintiff relied on Defendants' representations, fiduciary duties, and professional obligations to protect her rights, preserve evidence, and pursue timely relief. Instead, Plaintiff was subjected to concealment, abandonment, misrepresentation, and procedural sabotage that caused loss of claims, adverse judgments, financial harm, and prolonged denial of justice.

---

## B. Defendants

**Defendant Farhad Khojasteh** is an attorney who represented Plaintiff in workers' compensation–related and associated matters. At all relevant times, Khojasteh owed Plaintiff fiduciary duties of loyalty, candor, and competent representation. Khojasteh is sued for participating in and furthering the enterprise alleged herein by making false assurances, concealing material facts, abandoning required filings and evidence, manipulating timing to Plaintiff's detriment, and later pursuing or benefiting from cost judgments predicated on the very failures he caused.

**Defendant Angelina Ray** is an attorney who represented Plaintiff in related civil litigation. Ray is sued for participating in and furthering the enterprise alleged herein by misrepresenting strategy and case posture, concealing evidence and risks, inducing reliance while failing to act, abandoning claims, and taking positions inconsistent with Plaintiff's interests, resulting in

5

dismissal, delay, and prejudice.

**Defendant DOES 1–20**, inclusive, are individuals and entities whose identities are presently unknown, including law firms, associates, staff, agents, and co-actors who knowingly participated in, facilitated, or benefited from the conduct alleged herein. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

---

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to **28 U.S.C. § 1331** because this action arises under federal law, including **18 U.S.C. § 1962**. The Court has supplemental jurisdiction over related state-law claims pursuant to **28 U.S.C. § 1367**.

Venue is proper in this District under **28 U.S.C. § 1391** because a substantial part of the events and omissions giving rise to the claims occurred here, Defendants transacted business here, and Plaintiff suffered harm here.

---

## III. RICO ENTERPRISE AND SCHEME

Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

6

## A. Association-in-Fact Enterprise

1. At all relevant times, Defendants **Farhad Khojasteh, Angelina Ray**, and **DOES 1–20** formed an **association-in-fact enterprise** within the meaning of **18 U.S.C. § 1961(4)** (the "Attorney Enterprise"). The enterprise had a common purpose, relationships among members, and sufficient longevity to pursue its objectives.

## B. Common Purpose

2. The common purpose of the Attorney Enterprise was to **induce and maintain Plaintiff's reliance, conceal material risks and failures, suppress or abandon claims and evidence, manipulate procedure and timing,** and **shift the consequences of Defendants' misconduct onto Plaintiff,** including through adverse judgments, fee exposure, and dismissal, while insulating Defendants from accountability.

## C. Relationships and Roles

3. **Khojasteh** acted as a gatekeeper over Plaintiff's workers' compensation–related rights and evidence, providing assurances while failing to act, concealing material facts, abandoning filings, and later benefiting from or pursuing cost judgments grounded in the resulting prejudice.

4. **Ray** acted as a gatekeeper over Plaintiff's civil claims, misrepresenting strategy and posture, concealing evidence and risks, inducing reliance, and abandoning or undermining claims to Plaintiff's detriment.

5. **DOES 1–20** facilitated, enabled, or ratified these acts through coordination, staffing, document handling, communications, and procedural maneuvers.

## D. Longevity and Continuity

6. The enterprise operated **over multiple years** and across **multiple proceedings,** employing **repeated and related acts** with the same purpose and methods. The conduct constituted **closed-ended continuity** through a series of related acts and **open-ended continuity** by posing a threat of repetition through ongoing appeals, cost enforcement, and continuing concealment.

---

## E. Use of the Courts and Communications as Instrumentalities

7. Defendants used **mail and wire communications,** court filings, and judicial processes as **instrumentalities** of the scheme to misrepresent facts, conceal failures, manipulate timing, and obtain or justify adverse outcomes against Plaintiff, thereby advancing the enterprise's objectives.

---

## IV. RACKETEERING ACTS, PATTERN, AND USE OF ENTERPRISE

Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

8

## A. Overview of Racketeering Activity

8.   At all relevant times, Defendants **Farhad Khojasteh, Angelina Ray**, and **DOES 1–20** knowingly conducted and participated, directly and indirectly, in the conduct of the Attorney Enterprise's affairs through a **pattern of racketeering activity** in violation of **18 U.S.C. § 1962(c)**, and conspired to do so in violation of **18 U.S.C. § 1962(d)**.

9.   Defendants' racketeering acts included, but were not limited to, **mail fraud, wire fraud, obstruction of justice, fraudulent concealment**, and **abuse of legal process**, committed repeatedly over a multi-year period and across multiple proceedings. Defendants used **mail and wire communications**, court filings, and judicial processes as instrumentalities to misrepresent material facts, conceal failures, induce Plaintiff's reliance, and manufacture procedural outcomes favorable to Defendants and adverse to Plaintiff.

## B. Predicate Acts by Defendant Farhad Khojasteh

While purporting to represent Plaintiff, Defendant **Khojasteh** engaged in racketeering acts including:

10. **False Representations and Assurances (Mail and Wire Fraud)**

Khojasteh repeatedly communicated assurances to Plaintiff via email, telephone, and written correspondence that filings, evidence, and procedural steps were being handled, when in fact they were not. These representations were material, knowingly false, and intended to induce Plaintiff's reliance while concealing abandonment and inaction.

9

11. **Fraudulent Concealment of Material Facts**

Khojasteh concealed from Plaintiff the failure to submit critical evidence, to calendar or pursue hearings, and to preserve claims and objections, despite Plaintiff's repeated inquiries and instructions. This concealment prevented Plaintiff from protecting her rights or seeking alternative counsel in time.

12. **Abandonment and Procedural Sabotage**

Khojasteh failed to take required actions, allowed deadlines to lapse, and abandoned necessary filings and evidence, resulting in procedural prejudice, loss of claims, and adverse rulings. These failures were not disclosed contemporaneously and were later used to justify adverse outcomes.

13. **Use of Judicial Process to Shift Consequences**

After causing procedural failures, Khojasteh relied on the resulting record to pursue or benefit from a **cost judgment** against Plaintiff, shifting the financial consequences of his own misconduct onto Plaintiff and forcing her to appeal to avoid paying fees arising from his abandonment.

14. **Continuing Use of the Courts as Instrumentalities**

Khojasteh's conduct continued through post-judgment proceedings and appeal, constituting open-ended continuity and a threat of repetition through enforcement of judgments grounded in fraud and concealment.

## C. Predicate Acts by Defendant Angelina Ray

10

While purporting to represent Plaintiff in civil litigation, Defendant **Ray** engaged in racketeering acts including:

### 15. Misrepresentation of Strategy and Case Posture (Mail and Wire Fraud)

Ray misrepresented to Plaintiff the status, strategy, and viability of claims, inducing reliance while failing to act, concealing risks, and withholding material information necessary for informed decision-making.

### 16. Suppression and Concealment of Evidence

Ray failed to place critical evidence and complaints—known to her and repeatedly identified by Plaintiff—on the record, including materials central to liability and credibility, thereby suppressing proof and distorting the factual posture of the case.

### 17. Procedural Manipulation and Abandonment

Ray abandoned or undermined claims through inaction, delay, and procedural missteps while maintaining Plaintiff's reliance on assurances that matters were being handled, resulting in dismissal, delay, and prejudice.

### 18. Use of Judicial Filings to Legitimize a False Record

Ray relied on the procedurally compromised record created by concealment and inaction to justify withdrawal, dismissal, or adverse outcomes, using court filings and proceedings as instrumentalities of the scheme.

11

## D. Pattern of Racketeering Activity

19. Defendants' acts were **related**, **continuous**, and **not isolated**. They shared common purposes, victims, methods, and results, including inducing reliance, concealing failures, suppressing evidence, manipulating procedure, and shifting harm to Plaintiff.

The conduct constituted:

- **Closed-ended continuity**, through a series of related acts spanning multiple years and proceedings; and

- **Open-ended continuity**, by posing a continuing threat through appeals, cost enforcement, and ongoing concealment.

## E. Conduct and Participation in the Enterprise

20. Defendants knowingly conducted and participated in the conduct of the Attorney Enterprise's affairs through racketeering activity. Each Defendant played a distinct role while furthering the same enterprise objectives, and each is liable for the acts of co-conspirators committed in furtherance of the scheme.

## F. Conspiracy

21. Defendants knowingly agreed and conspired to conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity, in violation of **18 U.S.C. §**

12

**1962(d)**. Each Defendant knew the essential nature of the plan and agreed to further it.

---

# V. INJURY, CAUSATION, AND DAMAGES

Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

## A. Proximate Cause

22. Defendants' racketeering acts were the **direct and proximate cause** of Plaintiff's injuries. Defendants' misrepresentations, concealment, abandonment, and abuse of legal process foreseeably resulted in the loss and compromise of Plaintiff's claims, adverse procedural outcomes, financial exposure, and prolonged denial of relief.

23. Defendants' conduct was not merely incidental to Plaintiff's harm. The injuries suffered by Plaintiff flowed **directly from the scheme itself**, including Defendants' intentional suppression of evidence, failure to act while inducing reliance, and subsequent use of procedurally tainted records to justify dismissals, withdrawal, and cost exposure.

## B. Loss of Claims, Rights, and Remedies

24. As a result of Defendants' conduct, Plaintiff suffered the loss, impairment, or severe compromise of viable legal claims and remedies, including but not limited to:

- Loss of the opportunity to fully present claims supported by documentary evidence;

13

- Loss of timely adjudication due to abandoned filings and missed procedural actions;

- Dismissal, delay, or narrowing of claims based on incomplete or distorted records;

- Loss of the ability to obtain relief on the merits due to procedural defaults caused by Defendants.

25. These losses were a foreseeable and intended consequence of Defendants' concealment and abandonment while maintaining Plaintiff's reliance.

## C. Financial Harm and Economic Damages

26. Defendants' racketeering acts caused Plaintiff substantial **economic injury**, including:

- Exposure to and enforcement of a **cost judgment** against Plaintiff arising from procedural failures caused by Defendant Khojasteh;

- Costs associated with prolonged litigation and appeals required to correct or mitigate Defendants' misconduct;

- Loss of income, benefits, and recoveries that would have been available absent Defendants' acts;

- Out-of-pocket expenses incurred in attempting to preserve rights Defendants failed to protect.

**27.** These damages constitute injury to Plaintiff's **business or property** within the meaning of **18 U.S.C. § 1964(c).**

## D. Non-Economic and Consequential Harm

**28.** Defendants' conduct also caused severe **consequential harm**, including:

- Prolonged stress, emotional distress, and exacerbation of Plaintiff's medical conditions;

- Deterioration of Plaintiff's physical and mental health resulting from prolonged litigation and denial of relief;

- Loss of trust in legal representation and judicial processes;

- Reputational harm resulting from adverse procedural outcomes based on false or incomplete records.

**29.** While not all such harms are independently compensable under RICO, they demonstrate the **foreseeable consequences** and gravity of Defendants' scheme.

## E. Continuing Injury

Defendants' misconduct is **ongoing**. Plaintiff continues to suffer harm through:

- Active appeals necessitated by Defendants' conduct;

15

- Enforcement or threatened enforcement of judgments and costs;

- Continued reliance by courts on records distorted by Defendants' concealment and abandonment.

30. Absent injunctive relief, Defendants' conduct poses a continuing threat of harm.

## F. Statute of Limitations and Tolling

31. Defendants' racketeering acts were inherently self-concealing and were accompanied by affirmative misrepresentations and omissions that prevented Plaintiff from discovering the full scope and consequences of Defendants' misconduct. Defendant Khojasteh expressly represented to Plaintiff that her claims and injuries would be resolved through the pending federal civil action, inducing Plaintiff's continued reliance and delaying discovery of harm.

32. Plaintiff remained represented by Defendant Khojasteh through at least January 2023, and the federal civil action arising from the same nucleus of facts remained active until its dismissal in **March 2024**. While that action was pending, Plaintiff reasonably believed recovery remained possible and could not have known that Defendants' concealment, abandonment, and procedural sabotage had caused irreversible harm.

33. Plaintiff's claims did not fully accrue, and were not ripe for assertion, until the federal action was dismissed and the consequences of Defendants' misconduct became final, concrete, and unavoidable. Defendants' conduct therefore tolled applicable limitations periods under the doctrines of **fraudulent concealment, delayed discovery, and equitable tolling.**

16

# VI. RELIEF UNDER RICO AND EQUITABLE POWERS OF THE COURT

Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

## A. Civil RICO Remedies (18 U.S.C. § 1964)

- Plaintiff seeks relief under **18 U.S.C. § 1964(a)–(c)** to prevent and restrain Defendants' ongoing racketeering activity and to remedy the injuries caused by Defendants' violations of **18 U.S.C. §§ 1962(c) and (d)**.

- Defendants' conduct constitutes a continuing threat of racketeering activity absent court intervention. Monetary damages alone are insufficient to redress the harm caused by Defendants' scheme or to prevent its repetition.

## B. Injunctive Relief

- Plaintiff seeks injunctive relief necessary to prevent future racketeering acts and misuse of judicial processes, including but not limited to orders:

- Enjoining Defendants from further participation in or reliance upon procedurally tainted records created through concealment, abandonment, or misrepresentation;

- Prohibiting Defendants from enforcing or benefiting from judgments, cost awards, or procedural outcomes obtained through racketeering acts;

- Requiring corrective disclosures regarding material misrepresentations made to Plaintiff

17

and to courts in furtherance of the enterprise;

- Preventing Defendants from engaging in similar conduct toward Plaintiff or other clients through the same enterprise methods.

## C. Prayer for Specific Injunctive and Equitable Relief

• Enjoining Defendants from engaging in retaliatory, deceptive, or abusive litigation practices intended to coerce Plaintiff or interfere with her access to courts.

• Enjoining Defendants from making false or misleading representations to any court or tribunal concerning Plaintiff's claims, evidence, or procedural rights.

• Enjoining Defendants from coordinating with third parties to intimidate, harass, or improperly pressure Plaintiff.

• Requiring Defendants to preserve all client files, communications, billing records, emails, metadata, and electronically stored information relating to Plaintiff.

## D. Declaratory Relief

Plaintiff seeks declaratory relief establishing that:

- Defendants conducted and participated in an enterprise through a pattern of racketeering activity;
- Defendants' acts constituted mail fraud, wire fraud, obstruction, and abuse of legal process;

18

- Defendants' conduct caused injury to Plaintiff's business or property;

- Defendants are jointly and severally liable for damages resulting from the enterprise's acts.

## E. Compensatory and Treble Damages

Pursuant to **18 U.S.C. § 1964(c)**, Plaintiff seeks:

- Compensatory damages in an amount to be proven at trial;

- **Treble damages** for injuries to Plaintiff's business or property;

- Pre- and post-judgment interest as allowed by law.

## F. Costs of Suit and Statutory Fees

- Plaintiff seeks recovery of allowable litigation costs incurred as a direct result of Defendants' racketeering conduct. Plaintiff seeks recovery of costs of suit and any fees or expenses authorized by statute, including 18 U.S.C. § 1964(c).

## G. Equitable Relief and Such Further Relief as the Court Deems Just

- Plaintiff seeks all further equitable relief necessary to restore Plaintiff to the position she would have occupied absent Defendants' racketeering acts and to prevent ongoing and future harm, including such additional relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: 12/12/2025

Respectfully submitted,

*Roberta Barnett*

**Roberta Barnett** (Plaintiff, Pro Se)

## Declaration

I, Roberta Barnett, declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and ability.

Executed on 12/12/2025, at Sacramento, California.

Roberta Barnett, Plaintiff in Pro Per

*Roberta Barnett*