UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTA BARNETT,

　　　　　Plaintiff,

　　v.

FARHAD KHOJASTEH, et al.,

　　　　　Defendants.

No.  2:25-cv-3590 TLN AC PS

ORDER

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

On screening the First Amended Complaint ("FAC"),[1] however, the undersigned finds that it fails to state a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act.  Accordingly, the complaint cannot be served.  Rather than recommending dismissal of the action at this time, the court will provide plaintiff with an opportunity to file a Second Amended Complaint.

////

---

[1]  Plaintiff filed her initial Complaint on December 12, 2025, and her FAC on January 20, 2026. ECF Nos. 1, 4.

1

## I.  Screening

A.  <u>Standards</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  <u>See</u> <u>Neitzke</u>, 490 U.S. at 327; <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th Cir. 2010), <u>cert. denied</u>, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  <u>See</u> <u>Noll v.</u>

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  Allegations of the Complaint

The First Amended Complaint asserts civil RICO claims against two lawyers who represented plaintiff in relation to a dispute with her former employer, the California Department of Motor Vehicles.  Plaintiff, who identifies herself as a disabled whistleblower, alleges in sum as follows.  In 2014 plaintiff requested accommodation for her disabilities, but DMV failed to engage in the interactive process required under the Americans with Disabilities Act.  Instead, DMV management began a pattern of retaliation, harassment, surveillance, and adverse employment actions.  In 2016, plaintiff filed complaints with the U.S. Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing.  Plaintiff also reported a "CoBen/Flex benefits overpayment scheme" that constituted fraud, waste, and abuse across multiple state agencies.  The DMV retaliated against her in numerous ways.

In 2016 or 2017, plaintiff retained defendant Angelina Ray to represent her in civil litigation arising from the DMV misconduct.  Ray promised plaintiff that she would devote focused attention to the case and restore previously omitted claims and defendants to the action via amendment to the complaint.  Ray failed to perform as promised, including by dropping defendants and causes of actions tied to whistleblower activity, assault, sexual harassment, and computer tampering, without restoring them before the statute of limitations had run.  She then failed to submit critical evidence or conduct any discovery.  In 2019, Ray withdrew from the action and left plaintiff without representation.

On a date that is not specified in the complaint, plaintiff retained defendant Farhad Khojasteh to represent her in relation to a parallel workers compensation claim.  He told plaintiff that her claims would be protected and incorporated into ongoing proceedings, and that separate civil malpractice actions could be delayed without prejudice.  Khojasteh failed to submit critical evidence, preserve claims, manage deadlines, or conduct discovery.  Khojasteh also relied on the expert medical opinion of a doctor whose licensure and professional status were deficient.  Plaintiff brought a malpractice action against Khojasteh in Sacramento County Superior Court

which was dismissed because of procedural defects traceable to Khojasteh rather than to plaintiff. Khojasteh pursued costs, forcing plaintiff to pay for his misconduct and abandonment.

The FAC alleges that from 2016 through 2025 Ray and Khojasteh jointly constituted an association-in-fact enterprise within the meaning of RICO.  Khojasteh acted as gatekeeper over plaintiff's workers compensation related matters, and Ray acted as gatekeeper over her civil litigation.  Defendants' multiple false assurances that they were preserving and pursuing plaintiff's claims, and their use of electronic communications and U.S. Mail to communicate with plaintiff, constituted acts of mail and wire fraud.  This illegal conduct was repeated via "ongoing appeals, cost enforcement efforts, continued concealment, and the persistence of false or incomplete records."  ECF No. 4 at 18.

C.  Failure to State a Claim

The FAC asserts two claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act: (1) a substantive claim under 18 U.S.C. § 1962(c) and (2) a conspiracy claim under 18 U.S.C. § 1962(d).  ECF No. 4 at 24-28.  Both are deficiently pleaded for the reasons explained below.

1.  Substantive RICO Claim

a.  Elements of Liability

RICO prohibits those "employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce," from contributing to any such enterprise through either "racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  To adequately plead such a claim, "a plaintiff must allege that the defendant engaged in: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property."  Black v. Corvel Enterprise Comp Inc., 756 Fed. Appx. 706, 708 (9th Cir. 2018) (citing Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086 (9th Cir. 2002)).  Such racketeering activity constitutes a pattern if at least two such acts occur within ten years of each other.  Howard v. Am. Online Inc., 208 F.3d 741, 746 (9th Cir. 2000) (quoting 18 U.S.C. § 1961(5)).

The FAC does not contain facts which demonstrate either the existence of an enterprise or

4

racketeering activity.  Accordingly, as explained further below, plaintiff fails to state a substantive RICO claim under § 1962(c).

           b.   Enterprise

A RICO enterprise requires "(i) a common purpose of engaging in a course of conduct; (ii) evidence of an 'ongoing organization, formal or informal'; and (iii) evidence that the various associates function as a continuing unit."  Ellis v. J.P. Morgan Chase & Co., 950 F. Supp. 2d 1062, 1088 (N.D. Cal. 2013) (citing Odom v. Microsoft Corp., 486 F.3d 541, 552 (9th Cir. 2007)).  Plaintiff's conclusory allegation that the attorneys' respective failures to perform was part of "an ongoing collaborative arrangement" rather than "a byproduct of parallel representation[,]" ECF No. 4 at 15, is entirely conclusory.  The SAC is devoid of factual allegations demonstrating any communication or cooperation between Ray and Khojasteh, let alone communication that reflects a common purpose or conduct demonstrating ongoing coordinated action.

           c.   Racketeering Activity: Mail and Wire Fraud

Racketeering activity includes mail and wire fraud, which collectively require "(1) a scheme to defraud, (2) the use of either the mail or wire, radio, or television to further the scheme, and (3) the specific intent to defraud."  18 U.S.C. § 1341, 1343; United States v. Brugnara, 856 F.3d 1198, 1207 (9th Cir. 2017).  The scheme that constitutes the first element may be "any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises."  Id. (quoting Carpenter v. United States, 484 U.S. 19, 27 (1987)).

The FAC alleges a scheme of mail and wire fraud.  Plaintiff avers that the predicate misrepresentations from Khojasteh and Ray were their emails and phone calls to plaintiff as her lawyers, assuring her that they would introduce key evidence and preserve claims.  ECF No. 4 at 9-11, 13-14, 20-21.  These general descriptions are inadequate; plaintiff must plead predicate acts of fraud with the specificity required by Fed. R. Civ. P. 9(b).  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400-01 (9th Cir. 2004); see also Lancaster Community Hospital v. Antelope Valley Hospital Dist., 940 F.2d 397, 405 (9th Cir. 1991) (plaintiff must allege with

"particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme").

Plaintiff also pleads no facts demonstrating that any alleged misrepresentation was made with the specific intent to obtain money from plaintiff without doing the promised work.  Without such facts, plaintiff cannot state a claim for fraud.  The allegation that neither lawyer kept their word, but instead failed to protect plaintiff's interests, does not satisfy Rule 9(b) as to fraudulent intent.

2.  RICO Conspiracy

18 U.S.C. § 1962(d) also prohibits any conspiracy to violate 18 U.S.C. § 1962(c).  There can be no RICO conspiracy claim where there is no adequately pled substantive RICO offense.  Moreover, to sustain a claim under § 1962(d) plaintiff must plead facts which show "(1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant knew of and agreed to the *overall objective* of the RICO offense."  Samuelson v. Jewell School District 8, 725 F.Supp.3d 1195, 1208 (D. Or. 2024) (quoting United States v. Rosenthal, 805 F.3d 523, 530 (5th Cir. 2015)).  The "key question" in a RICO conspiracy case is whether the defendant "knew about and agreed to facilitate" a scheme that would involve the commission of two predicate acts.  United States v. Fiander, 547 F.3d 1036, 1041 (9th Cir. 2008) (quotation marks omitted).

As discussed above, plaintiff has failed to allege facts demonstrating the existence of an enterprise or the commission of any specific acts of mail or wire fraud.  The FAC similarly lacks facts demonstrating that Ray and Khojasteh made an agreement with each other to defraud plaintiff, and knew that their scheme would involve multiple such acts.  Plaintiff's belief that this was so cannot substitute for the allegation of specific facts.  Accordingly, plaintiff fails to state a claim under 18 U.S.C. § 1962(d).

3.  Conclusion

The FAC makes frequent rhetorical use of RICO language, but characterizing defendants' conduct as a racketeering enterprise or a conspiracy is insufficient to state a claim.  See Western Mining Council, 643 F.2d at 624 (conclusory allegations are insufficient); Iqbal, 556 U.S. at 678 (formulaic recitation of elements is insufficient).  To state a claim on which relief may be granted,

6

the plaintiff must allege *facts* sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The FAC does not satisfy this requirement. Accordingly, it will not be served.

## II. Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). Rather than recommending dismissal at this time, the undersigned will allow plaintiff to file a Second Amended Complaint that includes additional facts regarding the existence of a RICO enterprise, specific acts of fraud, and the establishment of a conspiracy.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any previous pleadings. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## III. Pro Se Plaintiff's Summary

You are being granted in forma pauperis status and do not have to pay the filing fee. However, this action cannot proceed because your First Amended Complaint is missing essential factual allegations. In order to state a substantive RICO claim, you must allege specific facts showing that the individual defendants were acting as a single enterprise. You must also allege specific facts identifying discrete acts of mail and wire fraud, and facts that show the defendants intended to defraud you when they made their alleged misrepresentations. In order to state a RICO conspiracy claim, you must—in addition to stating a substantive claim—plead facts that show the defendants agreed with each other in advance to defraud you.

You are being given 30 days to submit a Second Amended Complaint that corrects these defects. If you do not submit a second amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

7

### IV. Conclusion

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. The First Amended Complaint fails to state a claim and will not be served; and

3. Plaintiff shall have 30 days from the date of this order to file a Second Amended Complaint which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: March 16, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE