UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERTA BARNETT,

Plaintiff,

v.

FARHAD KHOJASTEH, et al.,

Defendants.

No. 2:25-cv-03590-TLN-AC

**ORDER**

This matter is before the Court on pro se Plaintiff Roberta Barnett's ("Plaintiff") Motion for Disqualification. (ECF No. 3.) For the reasons set forth below, the Court DENIES Plaintiff's Motion for Disqualification.

///

///

///

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Plaintiff previously sued the California Department of Motor Vehicles in Case No. 2:17-cv-01517-TLN-CKD ("the prior action"), asserting discrimination and retaliation claims arising from her employment with the agency.[1] (ECF No. 1 at 2–3.) The undersigned presided over the prior action and granted Defendant's motion for summary judgment. *See Barnett v. California Dep't of Motor Vehicles*, No. 2:17-cv-1517-TLN-CKD, 2025 WL 894990, at *1 (E.D. Cal. Mar. 24, 2025). Plaintiff's appeal of the judgment is pending before the Ninth Circuit. (ECF No. 3 at 2.)

On December 12, 2025, Plaintiff filed this action against Farhad Khojasteh and Angelina Ray (collectively, "Defendants"), the attorneys who represented her in the prior action. (ECF No. 1 at 5.) Plaintiff alleges that Defendants concealed evidence, abandoned filings, misrepresented the posture of those proceedings, and caused dismissals, delay, and a cost judgment which she is now appealing. (*Id.* at 3–4.) She asserts claims under the Racketeer Influenced and Corrupt Organizations Act and seeks declaratory, injunctive, and monetary relief. (*Id.* at 6–13, 17–19.) On January 5, 2026, Plaintiff filed the instant motion to disqualify the undersigned pursuant to 28 U.S.C. § 455(a). (ECF No. 3.)

## II. STANDARD OF LAW

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (citation modified). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). A motion under 28 U.S.C. § 455

[1] The Court takes judicial notice of Case No. 2:17-cv-01517-TLN-CKD (E.D. Cal). *See* Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") (citation modified).

"must be decided by[] the very judge whose impartiality is being questioned." *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994). And "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." *Holland*, 519 F.3d at 912 (citation modified); *see also Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005) ("a judge has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require'").

## III. ANALYSIS

Plaintiff argues the undersigned should be disqualified because the Court previously presided over *Barnett*, 2025 WL 894990, at *1, which Plaintiff asserts arose "from the same nucleus of operative facts" as this action and remains pending on appeal. (ECF No. 3 at 2.) Plaintiff argues this action necessarily implicates the prior litigation, the Court's rulings therein, and the consequences of those rulings for Plaintiff's legal rights, representation, and business relationships with Defendants. (*Id.*) Plaintiff asserts the prior proceedings involved documentary evidence the Court did not address in rulings now under appellate review. (*Id.*) Based on these circumstances, Plaintiff argues "a reasonable observer" could question the undersigned's impartiality in adjudicating this action. (*Id.*)

A judge's "alleged bias must stem from an extrajudicial source." *Hernandez*, 109 F.3d at 1454 (citation modified). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion" and are "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Likewise, opinions based on facts introduced or events occurring in current or prior proceedings do not warrant disqualification "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* "[P]rior rulings in the proceeding or another proceeding, solely because they were adverse" are ordinarily insufficient to require recusal under 28 U.S.C. § 455(a). *Clemens*, 428 F.3d at 1178–79.

Plaintiff has not established a basis for disqualification under 28 U.S.C. § 455(a). As an initial matter, each circumstance Plaintiff identifies arises from the undersigned's exercise of judicial duties in the prior action. Plaintiff relies on the Court's prior rulings, the evidence

presented to the Court, the Court's resulting familiarity with the underlying controversy, and the alleged consequences of those rulings. (*See* ECF No. 3 at 2.) None constitutes an extrajudicial source of partiality. *See Holland*, 519 F.3d at 914 (explaining "the 'extrajudicial source' factor . . . generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial").

Nor does the asserted factual relationship between the two actions alter that conclusion. Even accepting Plaintiff's contention that the actions arise from the same nucleus of operative facts, any familiarity the undersigned has with those facts derives from the prior judicial proceedings. *Liteky* expressly distinguishes such judicially acquired knowledge from disqualifying partiality: opinions based on facts introduced or events occurring in prior proceedings do not warrant disqualification absent the requisite deep-seated favoritism or antagonism. 510 U.S. at 555. Plaintiff identifies no statement, conduct, or other circumstance suggesting such favoritism or antagonism. Plaintiff's motion is based entirely on her dissatisfaction with prior adverse rulings, which is a legally insufficient basis for disqualification. *See United States v. Johnson*, 610 F.3d 1138, 1147–48 (9th Cir. 2010) (finding judge's adverse findings in defendants' prior civil case did not equate to bias); *see also Pesnell v. Arsenault*, 543 F.3d 1038, 1043–44 (9th Cir. 2008) (affirming denial of recusal where the asserted grounds included the judge's alleged knowledge of facts obtained while presiding over an earlier case).

Plaintiff's argument that the Court did not address certain documentary evidence in the prior action fares no better. That argument challenges the substance or completeness of the Court's prior rulings. But "judicial rulings alone almost never" establish disqualifying partiality and are ordinarily "proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. Plaintiff acknowledges those rulings are presently under appellate review. (ECF No. 3 at 2.) The pendency of that appeal provides a mechanism for reviewing any asserted error in the prior rulings, but it does not convert those rulings into evidence of partiality or otherwise provide an independent basis for disqualification.

In light of the foregoing, "a reasonable person with knowledge of all the facts" would not conclude that this Court's "impartiality might reasonably be questioned." *Hernandez*, 109 F.3d at

1453. Accordingly, Plaintiff has not established that disqualification is warranted under 28 U.S.C. § 455(a).

## IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Disqualification. (ECF No. 3.)

IT IS SO ORDERED.

DATE: September 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE